```
 1 │ RANDY S. GROSSMAN
   │ Acting United States Attorney
 2 │ JOANNA M. CURTIS, CBN 203151
   │ KEVIN J. BUTLER, CBN 329129
 3 │ BILLY JOE MCLAIN, CBN 290682
   │ Special Assistant U.S. Attorneys
 4 │ PETER KO, CBN 191994
   │ Assistant U.S. Attorney
 5 │ Federal Office Building
   │ 880 Front Street, Room 6293
 6 │ San Diego, CA 92101-8893
   │ Tel.: (619) 546-7359
 7 │ Email: peter.ko2@usdoj.gov
 8 │ Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 21CR2627-CAB |
|---|---|
| Plaintiff, | ) JOINT (1) DISCOVERY REPORT; AND<br>) (2) MOTION TO CONTINUE MOTION |
| v. | ) HEARING AND TRIAL SETTING |
| MATTHEW TAYLOR COLEMAN, | ) Date: Nov. 5, 2021<br>) Time: 10:30 a.m. |
| Defendant. | ) |

The United States of America and defendant MATTHEW TAYLOR COLEMAN (1) submit the discovery report required by CrimLR 16.1.a, and (2) jointly move to continue the motion hearing and trial setting from Nov. 5, 2021, 10:30 a.m. to a date and time convenient to the court in May 2022.

1. Discovery

Coleman is charged with foreign first-degree murder of U.S. nationals in violation of 18 U.S.C. 1119 and 1111. The parties had a teleconference on Oct. 14, 2021, as required by Fed. R.

1

Crim. P. 16.1 and CrimLR 16.1.a. By that time, the prosecution already had disclosed about 42.5 gigabytes of data that includes reports by state and federal agencies, audio and video recordings (including body camera recordings and recordings of activity at primary and secondary inspection from the San Ysidro Port of Entry), transcripts, photographs, subpoenaed records, and legal pleadings. The discovery includes witness statements that potentially could be Jencks/Rule 26.1 material which otherwise need not be disclosed until after a witness's direct examination at trial or a hearing.

A computer, two phones, and an iPad are being searched pursuant to warrants. Instead of waiting until agents have completed the searches and providing only data seized as responsive to the warrants, a mirror image of the computer's entire drive and the full Cellebrite downloads for the phones and iPad will be provided to the defense by Nov. 5, 2021.

By that date, the United States also will provide additional discovery consisting generally of cell site data, Mexican law enforcement reports, photographs and recordings of or from the area of the murders, jail recordings, and videos from the Port of Entry.

This case does not involve an A-file or DEA lab reports. Coleman's van is available for inspection upon request.

The prosecution will provide future discovery seized or generated (e.g., reports of DNA or other lab analysis which is

ongoing) as part of the continuing investigation. Currently, there are no discovery disputes.

   2.   Continuance

   a.   The Indictment in this case was filed on Sept. 8, 2021. Coleman first appeared in this district on Sept. 29, 2021. The Speedy Trial Act, 18 U.S.C. 3161(c)(1), requires trial to start within 70 non-excludable days from the later date.

   b.   Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

>    (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>    (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain

available witnesses on the part of the attorney for the Government." 18 U.S.C. 3161(h)(7)(C).

    c.    The parties move to continue the motion hearing and trial setting from Nov. 5, 2021, 10:30 a.m. to a date and time convenient to the court in May 2022. The ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial, for the following reasons:

    (1) Coleman is charged with two counts of foreign first-degree murder of U.S. nationals. The alleged victims were his 2-year-old son and 10-month-old daughter. The complaint filed in 2:21-mj-3722 (C.D. Cal.) outlines the allegations in more detail and is incorporated herein. The charges in the indictment are statutorily eligible for the death penalty.

    (2) More time is needed before filing appropriate motions and setting a trial date because of the amount of discovery so far, the nature of the allegations, and the need for the defense to investigate the offense and circumstances. In addition, the Attorney General must decide whether to seek the death penalty. Part of that process includes opportunities for the defense to present argument and information in mitigation to the United States Attorney's Office and officials at the Department of Justice. Before making those presentations, the defense needs more time to fully investigate potentially mitigating circumstances, including Coleman's mental health and personal history. The defense estimates a thorough investigation will take several months at least.

    (3) The parties have exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice. The case is also unusually complex because of the nature of the prosecution, potential penalty, and potential mental health defense. It is unreasonable to expect adequate preparation for motions, pretrial proceedings, and

trial within the usual time limits of 18 U.S.C. 3161 et seq.

(4)   This is the first request for a continuance of the motion hearing and trial setting in this case.

(5)   Coleman is in custody.

(6)   The parties agree the period of delay excluded spans from the filing of this motion, 18 U.S.C. 3161(h)(1)(D), until the new date for the motion hearing and trial setting.

DATED:     October 26, 2021

    Respectfully submitted,

    RANDY S. GROSSMAN
    Acting United States Attorney

    s/Peter Ko

    JOANNA M. CURTIS
    KEVIN J. BUTLER
    BILLY JOE MCLAIN
    Special Assistant U.S. Attorneys

    PETER KO
    Assistant U.S. Attorney


    s/Cuauhtemoc Ortega (w/authorization)

    CUAUHTEMOC ORTEGA
    Federal Public Defender

    CHRISTY O'CONNOR
    ELENA SADOWSKY
    Deputy Federal Public Defenders

    Counsel for Coleman