RANDY S. GROSSMAN
United States Attorney
JOANNA M. CURTIS, CBN 203151
KEVIN J. BUTLER, CBN 329129
BILLY JOE MCLAIN, CBN 290682
Special Assistant U.S. Attorneys
PETER KO, CBN 191994
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-7359
Email: peter.ko2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 21CR2627-CAB |
|---|---|
| Plaintiff, | ) JOINT MOTION TO CONTINUE STATUS HEARING |
| v. | ) |
| | ) Date:  July 28, 2022 |
| | ) Time:  9:30 a.m. |
| MATTHEW TAYLOR COLEMAN, | ) |
| Defendant. | ) |

The United States of America and defendant MATTHEW TAYLOR COLEMAN jointly move to continue the status hearing from July 28, 2022, 9:30 a.m. to a date and time convenient to the court in October 2022; and to exclude time under the Speedy Trial Act.

a.   The Indictment in this case was filed on Sept. 8, 2021. Coleman first appeared in this district on Sept. 29, 2021. The Speedy Trial Act, 18 U.S.C. 3161(c)(1), requires trial to start within 70 non-excludable days from the later date.

1

b. Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. 3161(h)(7)(C).

c. The ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial, for the following reasons:

> (1) Coleman is charged with two counts of foreign first-degree murder of U.S. nationals. The alleged victims were his 2-year-old son and 10-month-old daughter. By previous orders, the court excluded from November 5, 2021, to July 28, 2022, in computing the time within which trial must start. ECF 20, 30. The period from October 26, 2021,

to October 29, 2021, is also excluded. See 18 U.S.C. 3161(h)(1)(D); ECF 19-20. The background and progression of the case were explained in motions requesting those continuances, ECF 19, 21, 29, which are incorporated by reference herein.

(2)  The Department of Justice must decide whether to seek the death penalty in this case. As part of that process, on June 27, 2022, the defense met with officials from the U.S. Attorney's office and presented mitigating information for consideration. The U.S. Attorney has submitted a recommendation to the Department of Justice. Under the Department's review protocol, the case will go through multiple levels of review and may include another defense presentation to DOJ officials of mitigating information.

(3)  The parties also are still reviewing evidence and discovery. For example, in June 2022, the prosecution provided Coleman with years of unfiltered data recently received through search warrants on three social media accounts.

(4)  Continuing the status hearing to October—after DOJ officials have time to review and discuss the case and determine next steps and after the review of evidence and discovery is more complete—will allow the parties to give the court a realistic timetable for a decision on the death penalty, litigation of pretrial motions, and trial.

(5)  The parties have exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice. The case is also unusually complex because of the nature of the prosecution, potential penalty, and potential mental health defense. It is unreasonable to expect adequate preparation for motions, pretrial proceedings, and trial within the usual time limits of 18 U.S.C. 3161 et seq.

(5) This is the fourth request for a continuance in this case.

(6) Coleman is in custody.

(7) The parties agree the period of delay excluded spans from July 28, 2022, until the new date for the status hearing.

DATED:     July 21, 2022

                                                    Respectfully submitted,

                                                   RANDY S. GROSSMAN
United States Attorney

s/Peter Ko

JOANNA M. CURTIS
KEVIN J. BUTLER
BILLY JOE MCLAIN
Special Assistant U.S. Attorneys

PETER KO
Assistant U.S. Attorney


s/Cuauhtemoc Ortega (w/authorization)

CUAUHTEMOC ORTEGA
Federal Public Defender
CHRISTY O'CONNOR
ELENA SADOWSKY
Deputy Federal Public Defenders

Counsel for Coleman

4